IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Danny Ray Gilliam, ) | Civil Action No.: 8:14-cv-04127-RBH-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Warden of Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

Petitioner brought this action seeking relief pursuant to 28 U.S.C. § 2254. On January 8, 2015, Respondent filed a motion for summary judgment. [Doc. 23.] By Order of this Court filed the same day pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 25.] Despite this explanation, Petitioner elected not to respond to the motion.[*]

As Petitioner has failed to respond to the motion for summary judgment, it appears to the Court that he wishes to abandon this action. Therefore,

IT IS ORDERED that Petitioner shall have through April 3, 2015, to file his response to the motion for summary judgment. Petitioner is advised that if he fails to respond, this action will be subject to dismissal for failure to prosecute pursuant to

---

[*]The Court notes that, on February 25, 2015, Petitioner filed a motion to amend the Petition. [Doc. 28.] In his motion to amend, Petitioner states that he filed a motion for extension of time, requesting an additional 50 days to respond to the motion for summary judgment. [*Id.* at 1.] However, the docket in this case does not include a motion for extension of time. Out of an abundance of caution, the Court will allow Petitioner 50 days from the original response deadline to file his response to the motion for summary judgment.

Fed. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).  The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

  IT IS SO ORDERED.

              <u>s/Jacquelyn D. Austin</u>
              United States Magistrate Judge

March 3, 2015
Greenville, South Carolina